# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL YOUNG** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-6624-JVM** |
| **JAMES LEBLANC, ET AL.** | |

## ORDER AND REASONS

Plaintiff, Michael Young, is a state prisoner incarcerated at the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana. He filed this *pro se* federal civil action pursuant to 42 U.S.C. § 1983. In this lawsuit, he challenges a prison policy that prohibits inmates confined on extended lockdown from receiving outside reading materials.

In connection with his complaint, plaintiff filed a motion for a temporary restraining order and preliminary injunction. Rec. Doc. 13. Despite his request for a temporary restraining order, his motion must be construed solely as one for a preliminary injunction because the relief he seeks would extend beyond the ten-day limit of a temporary restraining order. Neal v. Federal Bureau of Prisons, 76 F. App'x 543, 545 (5th Cir. 2003).

Under the law of this Circuit, a plaintiff must make a clear showing that his case satisfies the following four criteria before he can receive a preliminary injunction: (1) a substantial likelihood exists that he will succeed on the merits of his claim; (2) a substantial threat of irreparable harm exists if the injunction is not granted; (3) the threatened injury outweighs any harm to the defendants if the injunction is granted; and (4) the injunction will not undermine the public interest. See Valley v. Rapides Parish School Board, 118 F.3d 1047, 1051 (5th Cir. 1997); see also Ingebresten v. Jackson Public School District, 88 F.3d 274, 278 (5th Cir. 1996); Doe v. Duncanville Independent School District, 994 F.2d 160, 163 (5th Cir. 1993); Holland American

Insurance Co. v. Succession of Roy, 777 F.2d 992, 997 (5th Cir. 1985). A preliminary injunction is therefore an "extraordinary remedy" which should be granted only if the movant has clearly carried the burden of persuasion on all four of the above prerequisites. Mississippi Power & Light v. United Gas Pipe Line Co., 760 F.2d 618, 621 (5th Cir. 1985). As a result, "[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule." Id. Plaintiff has not established that the extraordinary remedy is warranted in this case.

As noted, this lawsuit challenges a prison policy that prohibits inmates confined on extended lockdown from receiving outside reading materials. The defendants argue that the challenged policy is constitutional because it is reasonably related to a legitimate penological goal: the maintenance of prison discipline. They further note that a similar policy was upheld by the United States Supreme Court in Beard v. Banks, 548 U.S. 521 (2006), and that this particular policy was previously upheld in this Court in Tyson v. LeBlanc, Civ. Action No. 10-1174, 2010 WL 5375955 (E.D. La. Nov. 19, 2010) (Wilkinson, M.J.), adopted, 2010 WL 5376330 (E.D. La. Dec. 15, 2010) (Berrigan, J.), aff'd, 431 F. App'x 371 (5th Cir. 2011). In light of those precedents, the undersigned cannot say that there is a substantial likelihood that plaintiff will ultimately succeed on the merits of his claim, at least to the extent that he is challenging the prohibition on nonlegal, nonreligious leisure reading materials.

In their motion for summary judgment, the defendants state that plaintiff's claim "does not involve a denial of access to legal or religious material – the plaintiff simply claims a denial of *leisure* reading material." Rec. Doc. 32-3, p. 3 (emphasis in original). That is not technically accurate. It is true that plaintiff does not expressly mention legal or religious materials in his original complaint. However, he does so in his other filings.

For example, in his motion for a preliminary injunction, he mentions legal publications: "In this case, the complete prohibition on secular and legal newspapers; secular and legal magazines and secular and legal books prevents the plaintiff and other offenders from receiving suitable access to social, political, esthetic, moral and other ideas which are central to the development and preservation of individual identity and are clearly protected by the first Amendment." Rec. Doc. 13, p. 2. Again in his proposed Order, he asks the court to order defendants to show cause why a preliminary injunction should not issue as a result of defendants "unreasonably abridging Rayburn Correctional Center's Maximum Custody offenders of all access to buy and receive free secular and legal newspapers, secular and legal magazines, and secular and legal books." Id. at pp. 8-9. Likewise, in his opposition to the defendants' motion for summary judgment, which he filed last month, plaintiff specifically alleges that he was also denied "legal publication[s]" and "legal periodicals." Rec. Doc. 38, p. 4.

In that same opposition, plaintiff also mentions the denial of religious materials for the first time. He declares under penalty of perjury that he was denied "Jewish religious reading material from Michael D. Evans Ministries." Id. Further, he provides a "Publications Notice of Rejection" which indicates that a publication from that source was in fact rejected by prison officials pursuant to USOPP #34. Id. at p. 19. In his statement of disputed facts, he also suggests that "Rayburn allows only Christian materials and has refused plaintiff Jewish material" and that "Rayburn allow[s] Christian offender chaplains to bring Christian newspapers, books, newsletter and other Christian reading material to offenders on level one and level two but Rayburn do[es] not allow Jewish, Wicca or other faiths to pass out such reading material." Id. at pp. 24-25.

In *pro se* cases, the Court must consider the "complaint under the less stringent standards applicable to *pro se* litigants" and is "required to look beyond the [plaintiff's] formal complaint and to consider as amendments to the complaint those materials subsequently filed." Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the Court construes plaintiff's claim to encompass legal and religious publications, as well as publications of a purely leisure nature.

However, at this point, plaintiff's allegations concerning the legal and religious publications are cursory at best. Without more specificity and supporting evidence showing precisely how the denial of the particular publications at issue have adversely impacted his access to the courts and/or the exercise of his religion, the Court simply cannot say that, even with respect to those publications, plaintiff has at this point met his burden to establish that there is a substantial likelihood that he will ultimately succeed on the merits on those aspects of his claim.

Further, for the following reasons, the Court finds that plaintiff has likewise failed to carry his burden with respect to the remaining three criteria for a preliminary injunction.

Although plaintiff is clearly frustrated by the policy limiting his access to publications, he has not alleged, much less shown, that a substantial threat of *irreparable* harm exists if a preliminary injunction is not granted.

Moreover, on the record currently before it, this Court also cannot say that the purported injury to plaintiff resulting from the policy outweighs the harm to the defendants if the injunction is granted or that the injunction would not undermine the public interest.

On the contrary, as noted, the defendants have alleged that the policy is necessary as a means to maintain prison discipline. Prison officials are granted a high degree of deference on such matters concerning prison administration. See Overton v. Bazzetta, 539 U.S. 126, 132 (2003)

("We must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them."). As the United States Supreme Court has explained:

> [C]ourts are ill equipped to deal with the increasingly urgent problems of prison administration and reform. … [T]he problems of prisons in America are complex and intractable, and, more to the point, they are not readily susceptible of resolution by decree. Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. Prison administration is, moreover, a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint. Where a state penal system is involved, federal courts have … additional reason to accord deference to the appropriate prison authorities.

Turner v. Safley, 482 U.S. 78, 84-85 (1987) (citations and quotation marks omitted). The Supreme Court further noted:

> In the necessarily closed environment of the correctional institution, few changes will have no ramifications on the liberty of others or on the use of the prison's limited resources for preserving institutional order. When accommodation of an asserted right will have a significant "ripple effect" on fellow inmates or on prison staff, courts should be particularly deferential to the informed discretion of corrections officials.

Id. at 90.

Of course, none of the foregoing should be interpreted as a finding by this Court as to whether or not plaintiff will ultimately be found to be entitled to relief as this case progresses. Rather, the Court merely finds that, *at this preliminary stage of the proceedings*, he has not established that the "extraordinary remedy" of a preliminary injunction is warranted.

Accordingly,

**IT IS ORDERED** that plaintiff's motion for a preliminary injunction, Rec. Doc. 13, is **DENIED**.

New Orleans, Louisiana, this twentieth day of March, 2019.

                                                                           *Janis van Meerveld*
                                              **JANIS VAN MEERVELD**
                                              **UNITED STATES MAGISTRATE JUDGE**