# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL YOUNG** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-6624-JVM** |
| **JAMES LEBLANC, ET AL.** | |

## ORDER AND REASONS

Plaintiff, Michael Young, a state prisoner, filed this federal civil action pursuant to 42 U.S.C. § 1983. In this lawsuit, he challenged the constitutionality of a prison regulation prohibiting access to outside reading material to inmates on Extended Lockdown 1 and requested only declaratory and injunctive relief. The parties consented to the jurisdiction of the undersigned United States Magistrate Judge.[1]

The defendants filed a motion for summary judgment.[2] In their motion, the defendants argued: (1) plaintiff's claims concerns only a prohibition on leisure reading material; (2) the challenged policy is constitutional because it is reasonably related to a legitimate penological goal, i.e. the maintenance of prison discipline; and (3) a similar policy has been upheld by the United States Supreme Court[3] and this particular policy was previously upheld in this Court.[4]

Plaintiff opposed the motion for summary judgment, and, in doing so, clarified that his claims also concern a prohibition on legal and religious reading material.[5] In light of that

---

[1] Rec. Doc. 26.
[2] Rec. Doc. 32.
[3] Beard v. Banks, 548 U.S. 521 (2006).
[4] Tyson v. LeBlanc, Civ. Action No. 10-1174, 2010 WL 5375955 (E.D. La. Nov. 19, 2010) (Wilkinson, M.J.), adopted, 2010 WL 5376330 (E.D. La. Dec. 15, 2010) (Berrigan, J.), aff'd, 431 F. App'x 371 (5th Cir. 2011)
[5] Rec. Doc. 38.

clarification, the Court ordered defendants to clarify whether they were also seeking summary judgment with respect to plaintiff's claims that he was denied religious and legal publications while on extended lockdown and, if so, ordered them to file a supplemental motion for summary judgment addressing those aspects of plaintiff's claims on or before April 15, 2019.[6]

However, in the interim, plaintiff's behavior improved and, as a result, he was moved from Extended Lockdown Level 1 to the general population. In light of that transfer, the defendants filed a motion to dismiss plaintiff's claims, arguing that they are now moot because he is no longer subject to the challenged policy.[7]

Plaintiff has opposed that motion.[8] In his opposition, plaintiff does not dispute that he is now confined in the general population and, as a result, is not currently subject to the policy at issue in this lawsuit. However, he argues that his claims should not be dismissed as moot because he frequently finds himself sentenced to Extended Lockdown Level 1 as a result of purported disciplinary infractions and, therefore, he fully expects that he will again be subject to the policy at some point in the future.

Nevertheless, the jurisprudence is clear: a prisoner's challenge to restrictions imposed on him as a result of his placement in one prison unit is generally rendered moot if he is transferred to another prison unit where the restrictions no longer apply. For example, in <u>Haralson v. Campuzano</u>, 356 F. App'x 692 (5th Cir. 2009), the plaintiff complained of restrictions imposed on inmates in the prison's infirmary wing. The United States Fifth Circuit Court of Appeals found that his challenge was moot after he was transferred from that wing, explaining:

---

[6] Rec. Doc. 39.
[7] Rec. Doc. 41.
[8] Rec. Doc. 45.

> Appellant seeks an injunction requiring Appellees and other Texas prison officials to provide as much recreation time for inmates in the infirmary wing as those in the general population. Appellant argues that he has standing to pursue his claim for injunctive relief because, although he is no longer housed in the infirmary, he still receives treatment there several times a week. Additionally, because his disease is incurable, Appellant claims that he will probably be admitted to the infirmary again. Appellant's argument that he will at some point be transferred back to the infirmary wing is essentially an argument for application of the capable of repetition, yet evading review exception to mootness.
> 
> "In order for a plaintiff to have sufficient standing under Article III, that plaintiff must show that: he has suffered or will suffer an injury, his injury is traceable to the defendant's conduct, and a favorable federal court decision will likely redress the injury." Samnorwood Indep. Sch. Dist. v. Tex. Educ. Ag., 533 F.3d 258, 264-65 (5th Cir. 2008) (citing Bennett v. Spear, 520 U.S. 154, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997) (footnote omitted)). Under the capable of repetition, yet evading review exception, Appellant must show "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." Fed. Elec. Comm'n v. Wisconsin Right to Life, Inc., 551 U.S. 449, 462, 127 S.Ct. 2652, 168 L.Ed.2d 329 (2007) (internal quotation omitted).
> 
> Appellant has not shown that any future stays in the infirmary would be too short to be fully litigated and he has not shown a reasonable expectation that he will be subjected to the same treatment again. The transfer rendered his request for prospective relief moot. See Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001) (transfer from unit rendered prisoner's claims for declaratory and injunctive relief moot); see also Cooper v. Sheriff, Lubbock County, Tex., 929 F.2d 1078, 1084 (5th Cir. 1991) (same). The possibility that Appellant will be transferred back "is too speculative to warrant relief." Herman, 238 F.3d at 665. We find that Appellant lacks standing to seek injunctive relief.

Haralson, 356 F. App'x at 695-96; accord Moore v. Cain, Civ. Action No. 15-0812, 2017 WL 3492331, at *6 (M.D. La. July 25, 2017) ("[I]nasmuch as Plaintiff has since been transferred from confinement in administrative segregation and is no longer subject to the alleged deprivations at that location, his claim for prospective injunctive relief has been rendered moot by such transfer and is no longer properly before the Court."), adopted, 2017 WL 3485507 (M.D. La. Aug. 14, 2017).

That same reasoning is equally applicable in the instant case, and the Court finds that plaintiff's claims are indeed moot. "If a claim is moot, it presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." National Rifle Association of America, Inc. v. McCraw, 719 F.3d 338, 334 (5th Cir. 2013) (quotation marks omitted). Therefore, dismissal is appropriate. See Walters v. Livingston, 642 F. App'x 416, 418 (5th Cir. 2016).

Accordingly,

**IT IS ORDERED** that the defendants' motion to dismiss, Rec. Doc. 41, is **GRANTED** and that plaintiff's claims are **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that the defendants' motion for summary judgment, Rec. Doc. 32, is **DENIED AS MOOT**.

New Orleans, Louisiana, this __24th__ day of May, 2019.

**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**

4